### LORD & TAYLOR v. UNITED STATES.

(Circuit Court, S. D. New York. May 21, 1909.)

No 5,466.

CUSTOMS DUTIES (§ 32*)—CLASSIFICATION—"COTTON CLOTH"—FABRICS IN PART OF JUTE.

In Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 310, 30 Stat. 178 (U. S. Comp. St. 1901, p. 1659), the definition of "cotton cloth" as being "all woven fabrics of cotton" refers to goods composed entirely of cotton, or containing at most but a small percentage of some other fiber; and cloth which, though composed chiefly of cotton, yet contains a large minority of jute, is not within the definition.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 2, p. 1642.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, G. A. 6,875 (T. D. 29,596), affirmed the assessment of duty by the collector of customs at the port of New York on cloth composed in chief value of cotton, but of which 37 per cent. was jute.

The importers had protested against the action of the collector in classifying the goods under Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 322, 30 Stat. 179 (U. S. Comp. St. 1901, p. 1661), and contended for classification under the provisions in said schedule for "cotton cloth." The Board overruled this contention on the authority of a former ruling. G. A. 5,018 (T. D. 23,348), which had related to cloth chiefly of cotton, but containing, respectively, 44 per cent. of flax and 45 per cent. of jute. The pertinent portion of the opinion of the Board in the case last cited is as follows:

"Somerville, General Appraiser. * * * Schedule I, 'Cotton Manufactures,' of Tariff Act July 24, 1897, c. 11, § 1, 30 Stat. 175 (U. S. Comp. St. 1901, p. 1655), embraces various kinds of cotton cloth, and among other things fixes a duty upon the basis of the quality of the cloth, regulated by the count of threads to the square inch and the weight of goods to the square yard. Paragraph 310, 30 Stat. 178 (U. S. Comp. St. 1901, p. 1659), defining the term 'cotton cloth,' reads as follows:

" '310. The term "cotton cloth" or "cloth," wherever used in the paragraphs of this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton in the piece or otherwise, whether figured, fancy, or plain, the warp and filling threads of which can be counted by unraveling or other practicable means.'

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The main question for decision is whether the goods under consideration are to be treated as falling within the term 'cotton cloth,' notwithstanding the fact that such cloth contains in one case over 45 per cent. of jute and in the other more than 44 per cent. of flax. This paragraph is a substantial reproduction of paragraph 257 of the tariff act of 1897 (Act Aug. 27, 1894, c. 349, Schedule I, 28 Stat. 529), with some slight amendments not necessary to be considered. The term 'cotton cloth' appears not to have been used in the tariff acts in force prior to that of March 3, 1883, and it has been construed to have no peculiar commercial meaning different from its popular meaning. Greenleaf v. Goodrich, 101 U. S. 278, 25 L. Ed. 845; Ullman v. Hedden (C. C.) 38 Fed. 95. The 'countable clauses' of the tariff act of 1874 as set out in section 2504 of the Revised Statutes, Schedule A, relating to 'manufactures of cotton' and 'plain woven cotton goods,' were the subject of construction by the Supreme Court in Newman v. Arthur, 109 U. S. 132, 3 Sup. Ct. 88, 27 L. Ed. 883, where it was held that the thread count contemplated by Congress was such a count as could be made by inspection by means of a glass, and was not confined to those cases where the counting was a matter of commercial usage.

"In the case of Schmieder v. Arthur, decided by the Circuit Court for the Southern District of New York in 1880, not reported, but referred to in T. D. 4,565, it was held by Judge Shipman that certain cloths composed of cotton and silk, and other woven fabrics composed in part of cotton and in part of flax, cotton being the component of chief value in each instance, were not dutiable, under the countable clauses of Schedule A of the tariff act of 1874 (Rev. St. § 2504), as cotton fabrics of the kind there described, but were subject to duty under the last clause of said schedule, as manufactures of cotton not otherwise provided for, at 35 per cent. ad valorem, less a 10 per cent. deduction authorized by section 2503 of the Revised Statutes. It nowhere appears what percentage of material other than cotton the goods contained; but it seems probable that it was substantial to an extent that played the matter beyond dispute.

"We have examined the record in this case, as it is filed in the Circuit Court, and the fact is disclosed through the bill of exceptions that the portion of the merchandise containing silk had been assessed for duty at 50 per cent. ad valorem as manufactures of silk, under Schedule H of the act of 1874 (Rev. St. § 2504), and that the portion of the merchandise composed in chief value of cotton was assessed for duty according to weight and count of threads under said Schedule A. The importers claim that all of the goods were dutiable as manufactures of cotton not otherwise provided for, pursuant to the provisions of the last clause of Schedule A. It was admitted, as shown by the bill of exceptions, that the importations were in fact textile fabrics, and were plain woven goods, and were generally known in trade and commerce as 'Saxony dress goods,' and that the component materials were as above stated; cotton in every instance being of chief value, but not being the only component material.

"There were no disputed facts in the case, and the court directed a verdict in favor of the plaintiff, upon the ground that the goods in question were not composed wholly of cotton, but of mixed materials. The opinion of Judge Shipman in this case is not now accessible, but we are kindly favored by the present Attorney General of the United States with an unpublished copy of the opinion of Solicitor General Phillips, approved by Attorney General Devens under date of June 1, 1880, addressed to the Secretary of the Treasury, bearing on this case of Schmieder v. Arthur, and advising the department that the decision of the court was correct statement of the law. From the opinion we quote as follows:

" 'There are reasons for excluding goods of mixed materials from the first paragraph of section 2504 that do not apply to the last paragraph. In each of the former there is a context, wanting in the latter, that fixes the term "manufactures of cotton" as applying to manufactures of cotton only. That context is the reference to the number of "threads to the square inch" as establishing the duty; the latter becoming progressively higher as the number increases. This implies that the goods have a thread of uniform size throughout the piece, and does not permit that in some square inches

they shall have fine silk threads and in others coarse cotton threads; nor is it intended thereby to impose the same duty upon goods which, because of an average of coarse cotton with fine silk threads, have as many countable threads to the square inch as are to be found in other pieces of very fine uniform cotton thread; nor, again, is it meant, because of such average, to levy (as I am informed by the chief of the customs division is sometimes the case) a higher duty upon goods of mixed silk and cotton than by other provisions of the tariff is leviable upon goods entirely of silk.

" 'Upon consideration, therefore, there are reasons for believing that the former paragraphs of section 2504 apply only to goods exclusively of cotton that do not exist as to the last paragraph. It follows that the presumption that goods of mixed materials are provided for somewhere in that section applies most naturally to such last paragraph, and, in conclusion, that such goods do not fall under the operation of any one of the former paragraphs.'

"Since the rendition of this decision (more than 20 years ago), the practice at the various ports of this country seems to have been uniform in applying the countable clauses to goods made wholly or substantially of cotton, and to such goods only; mixed goods being placed under other provisions. In the report of this case by the Treasury Department, in T. D. 4,565, wherein the department states its intention to take no appeal to the Supreme Court, the following observation is made: 'In order, however, to come within such classification, the goods must contain a substantial admixture of silk or flax; and cotton goods, which may have a few threads of silk or flax, which do not practically change the character or value of the goods, will not be considered as affected thereby.'

"We are entirely satisfied that the goods now under consideration, containing so large a percentage of other materials than cotton, cannot be held to be cotton cloth within the meaning of that term as defined by Congress in said paragraph 310. We are not to be understood, however, as deciding that the term may not be held to embrace cloth which is commercially and commonly known as cotton and is substantially such in fact, although it may contain a small percentage of other materials, where no special provision is made for such manufactures in the tariff act. The following adjudged cases seem to sustain this view and to be in harmony with the suggestion of the department above stated: Chapon v. Smythe, 11 Blatchf. 120, Fed. Cas. No. 2,611, where it was held by the Circuit Court for the Southern District of New York, construing the eighth section of the act of June 30, 1864 (13 Stat. 210, c. 171), that the words 'silk ribbons' would include ribbons made of silk and cotton, silk being the component material of chief value, provided it was shown to the satisfaction of the jury that the merchandise was bought and sold in trade and commercially known as silk ribbons, notwithstanding the percentage of cotton contained in the articles. Note, also, Lane v. Russell, 4 Cliff. 122, Fed. Cas. No. 8,053, 14 Opinions of Attorney General, 130; Thorpe v. Lawrence, 1 Blatchf. 351, Fed. Cas. No. 14,005; Sill v. Lawrence, 1 Blatchf. 605, Fed. Cas. No. 12,850. In Robertson v. Edelhoff, 91 Fed. 642, 34 C. C. A. 34, it was held by the Circuit Court of Appeals for the Second Circuit, per Lacombe, J., that an article of silk and cotton, of which cotton constituted more than 25 per cent. of value, could not be classified as 'silk' goods of the kind described in a certain paragraph of the tariff act of 1874 (Rev. St. § 2504), in the absence of any commercial designation covering such goods.

"How far commercial designation is to govern the classification of merchandise composed of mixed materials is further illustrated in the case of Drew v. Grinnell, 115 U. S. 477, 6 Sup. Ct. 117, 29 L. Ed. 453, and in Arthur v. Butterfield, 125 U. S. 70, 8 Sup. Ct. 714, 31 L. Ed. 643. The present decision must therefore be qualified, so as not to conflict with the principles announced in the foregoing decisions, so far as they may be applicable. It follows from what we have said that the goods under consideration are not 'cotton cloth,' within the meaning of paragraph 310 and of the 'countable clauses' of the cotton schedule, and that the claim of the importers was erroneous. We think they are properly provided for as manufactures of cotton under paragraph 322, where the collector classified them; and, being enumerated in said paragraph, there was no room for the operation of the

similitude clause, which the importers have invoked in their alternative claim. Wolff v. U. S., 71 Fed. 291, 18 C. C. A. 41; Arthur v. Butterfield, 125 U. S. 70, 77, 8 Sup. Ct. 714, 31 L. Ed. 643.

"The protests are overruled, and the decision of the collector affirmed in each case."

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. Decision affirmed.